*H. W. Harrington,* for appellant.

————————◆————————

## PICKENS *v.* HOBBS ET AL.

PRACTICE.—*Juror not a Householder.*—Where a motion for a new trial has been made on the ground that one of the jurors was not a householder, and that the party making the motion accepted him in ignorance of that fact, and the court has overruled the motion, the ruling will be sustained on appeal, if in the affidavits on the point the preponderance of testimony sustains the ruling.

SAME.—*Conflict of Testimony.*—This court will not determine the preponderance of testimony in cases of conflict thereof.

APPEAL from the Orange Circuit Court.

BUSKIRK, J.—This case is the same as the case of *Fisher* v. *Hobbs, post,* p. 276, with the exceptions hereinafter stated.

In the present case no question is made upon the giving or refusing to give instructions to the jury.

Counsel for appellant insist that the court erred in overruling the motion for a new trial upon two grounds. The first is, that one of the jurors who tried the cause was not a householder, and that the appellant accepted him in ignorance of the fact.

The contest of affidavits upon the competency of the juror in question stands as follows:

Two of the attorneys for appellant swore that they had no knowledge or information that William F. Osborn, the juror in question, was not a householder, until after the jury had

returned their verdict. One person testified that Osborn was a married man, but boarded with and clerked for his father-in-law, Hugh Wilkins.

Three persons filed affidavits on behalf of the appellees, in which they stated that they were well and intimately acquainted with Osborn; that he was a married man and clerk of the West Baden hotel, and that he and his family had furnished and occupied a portion of said house separate and distinct from that occupied by Hugh Wilkins, and that they knew that he was a householder of said county.

It seems to us that the preponderance of the testimony was in favor of the competency of the juror.

It is next insisted that the verdict of the jury was contrary to the evidence. There were fourteen witnesses who testified on behalf of the appellant, and placed the damages of the appellant at sums ranging from one hundred and fifty to three hundred and fifty dollars.

There were twenty witnesses who testified on behalf of the appellees. Some of them testified that appellant would not sustain any damage, some that he would be benefited, and others that the value of his farm would be increased from one to three hundred dollars.

It is quite obvious that we could not undertake to reconcile the testimony and determine whether the jury decided rightly, in finding that the appellant would not be damaged by the proposed road.

The judgment is affirmed, with costs.

*F. Wilson* and *A. C. Voris*, for appellant.

*A. J. Simpson*, for appellees.